IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HAMLET HOMES CORPORATION; BEAR HOLLOW RESTORATION, LLC; MICHAEL BRODSKY; JOHN ALDOUS; DAVID IRWIN; PHILLIP M. TURNER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | Case No. 2:12CV305DAK |
| vs. | Judge Dale A. Kimball |
| **MID-CONTINENT CASUALTY COMPANY,** | |
| **Defendant.** | |

This matter is before the court on Defendant Mid-Continent Casualty Company's Motion to Consolidate and Motion to Amend Answer. The motion is fully briefed and the court does not believe a hearing on this motion is necessary. The court has carefully considered the memoranda submitted by the parties as well as the law and facts relevant to the motion. Now being fully advised, the court enters the following Memorandum Decision and Order.

<u>Motion to Amend Answer</u>

Plaintiffs do not oppose Mid-Continent's motion, therefore, the court GRANTS Mid-Continent's motion and directs Mid-Continent to file the Answer it attached as an exhibit within five days of the date of this Order.

Motion to Consolidate

Mid-Continent moves for an order to consolidate another insurance dispute pending in this court with the present case. Plaintiffs oppose consolidation because the lawsuits contain no common issues of law or fact. Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a). In such cases, the court may "(1) join for . . . trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id.* "[T]he party seeking consolidation has the burden of establishing consolidation is proper under Rule 42(a)." *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, 1:05CV64TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008).

The court must address two issues in determining whether to consolidate actions. *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989). First, the court must determine whether the cases involve common parties and common issues of law or fact. *Id.* If common parties and issues exist, the court must then weigh the costs versus the benefits of consolidation. *Id.*

Under the local rules of this District, DUCivR 42-1, consolidation is appropriate where "cases arise from substantially the same transaction or event; involve substantially the same parties . . . : call for determination of substantially the same questions of law or . . . would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." D.U. Civ. R. 42-1. The court's rule is consistent with courts finding that consolidation is not justified "simply because the actions *include* a common question of fact or law." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (emphasis in original). If cases

involve some common issues but the individual issues predominate, consolidation should be denied. *Id.*

The present case seeks insurance coverage for a lawsuit in state court brought by a homeowners' association ("The HOA"). The HOA Complaint contains causes of action for negligence; negligent misrepresentation; breach of contract and implied warranties; breach of the declaration of covenants, conditions and restrictions; breach of the covenant of good faith and fair dealing; piercing the corporate veil; fraudulent transfer; joint venture liability; breach of director's duties; violation of the Utah Consumer Sales Practices Act; and breach of express warranties. The HOA also specifically alleges in its Complaint that there is "continued severe water intrusion through siding, through and around windows, and under doors resulting in damages to the common area property and construction components and voiding component warranties as well as the loss of use of the Units and personal property within the Units."

The other case, Case No. 2:12cv682BSJ, involves insurance coverage for two underlying lawsuits alleging that Plaintiffs developed their property with improper storm drainage and dumped unsuitable earth materials causing damage to the property. Although some of the parties in this case are similar, they are not identical to the parties in the present case. More significantly, the case involves an entirely separate construction project and different types of alleged damages. The underlying actions also overlap only as to one potential insurance policy out of many at issue.

Each insurance coverage action must be evaluated in light of the allegations in the separate complaints to determine the duty to defend and the ultimate adjudicated facts to determine the duty to indemnify. In making each of these determination, individual issues would

3

predominate over any common issues of law or fact. Therefore, the cases do not have the requisite common issues of law and fact in order to be consolidated. Moreover, distinguishing between the case-specific facts has a potential for jury confusion. Any slight benefit to judicial economy is outweighed by potential for prejudice. Accordingly, Mid-Continent's Motion to Consolidate is DENIED.

Dated this 9th day of January, 2013.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge