IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAMLET HOMES CORPORATION; BEAR HOLLOW RESTORATION, LLC; MICHAEL BRODSKY; JOHN ALDOUS; DAVID IRWIN; PHILLIP M. TURNER,<br><br>Plaintiffs,<br><br>vs.<br><br>MID-CONTINENT CASUALTY COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12CV305DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs Hamlet Homes Corporation ("Hamlet"), Bear Hollow Restoration, LLC ("Bear Hollow"), Michael Brodsky, John Aldous, David Irwin, and Phillip M. Turner's (collectively "Plaintiffs") Motion for Partial Summary Judgment on their Fourth Claim for Declaratory Judgment and Defendant Mid-Continent Casualty Company's Rule 56(d) Motion for Leave to Conduct Discovery. Plaintiffs request an order from the court declaring that Mid-Continent has a duty to defend Plaintiffs in a lawsuit filed by The Lodges at Bear Hollow Condominium Homeowners Association, Inc. (the "HOA") in Utah State Court. Mid-Continent, however, seeks leave to conduct four months of discovery prior to the court's consideration of Plaintiffs' motion.

On October 24, 2012, the court held a hearing on the motions. At the hearing, Plaintiffs

were represented by Craig H. Howe and Defendant was represented by Barbara K. Berrett. The court took the motions under advisement. The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties. The court has further considered the law and facts relevant to the parties' motions. Now being fully advised, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Hamlet is an insured under Commercial General Liability Policies issued by Mid-Continent, including, but not limited to, Policy No. 04-GL-000813880. Plaintiffs state that it is not clear at this time which of the policies applies to the claims asserted by the HOA in the HOA lawsuit because the HOA does not allege any dates when the alleged property damage occurred. However, the provisions at issue have remained generally consistent throughout the various policy periods. Therefore, Plaintiffs rely on the provisions in Policy No. 04-GL-000813880 (the "Policy").

Bear Hollow and Hamlet Development Corporation ("Hamlet Development") are also named as insureds under the Policy. The Policy provides coverage for executive officers, directors, and managers with respect to their duties. Plaintiffs allege that all of the individual Plaintiffs are officers, directors, or managers of the named insureds under the Policy: Michael Brodsky is Chairman of Hamlet and Hamlet Development; John Aldous is President of Hamlet; David Irwin is Vice President of Hamlet; and Phillip Turner was Vice President of Hamlet Development from January 2005 to April 2006.

The Commercial General Liability Coverage Form under the Policy provides that Mid-Continent will "pay those sums that the insured becomes legally obligated to pay as

2

damages because of 'bodily injury' or 'property damage' to which this insurance applies." The Policy further provides that Mid-Continent has the "right and duty to defend the insured against any 'suit' seeking those damages."

On or about November 4, 2011, the HOA filed a lawsuit against Plaintiffs in the Third Judicial District Court, Summit County, State of Utah. The HOA's Complaint contains causes of action for negligence; negligent misrepresentation; breach of contract and implied warranties; breach of the declaration of covenants, conditions and restrictions; breach of the covenant of good faith and fair dealing; piercing the corporate veil; fraudulent transfer; joint venture liability; breach of director's duties; violation of the Utah Consumer Sales Practices Act; and breach of express warranties. The HOA also specifically alleges in its Complaint that there is "continued severe water intrusion through siding, through and around windows, and under doors resulting in damages to the common area property and construction components and voiding component warranties as well as the loss of use of the Units and personal property within the Units."

Plaintiffs tendered the defense of the HOA lawsuit to Mid-Continent. In response, Mid-Continent sent Hamlet a letter, dated December 12, 2011, stating that Mid-Continent "will not participate in or contribute towards any settlement, indemnification and/or defense of this claim on your behalf." On January 19, 2012, Plaintiffs, through their counsel, sent a letter to Mid-Continent responding to the December 12 letter. Based on counsel's letter, Mid-Continent decided to conduct a further review of the Complaint in the HOA Lawsuit and the Policy. On February 24, 2012, however, Mid-Continent informed Hamlet that it had concluded there was no duty to defend or indemnify Plaintiffs in the HOA Lawsuit.

Plaintiffs filed the present case in state court, and Mid-Continent removed the case to this

court. Mid-Continent filed its Answer on May 4, 2012. Plaintiffs filed the present Motion for Partial Summary Judgment on July 3, 2012, three days before the parties completed their Rule 26 Conference and ten days before the parties filed their Attorneys' Planning Meeting Report and Scheduling Order. Therefore, no discovery was conducted in this case before Plaintiffs filed their Motion for Partial Summary Judgment. It is unclear whether the parties have exchanged their initial disclosures during the briefing of the motion.

## DISCUSSION

Plaintiffs move for partial summary judgment on their Fourth Claim for Declaratory Judgment, requesting an order from the court declaring that Mid-Continent has a duty to defend Plaintiffs in the HOA lawsuit in Utah State Court. Mid-Continent opposed Plaintiffs' motion and filed a Rule 56(d) motion requesting four months of discovery before the court considers Plaintiffs' motion.

In *Benjamin v. Amica Mut. Ins. Co.*, 140 P.3d 1210 (Utah 2006), the Utah Supreme Court explained the required analysis concerning the duty to defend as follows:

> When we engage in a duty-to-defend analysis, we focus on two documents: the insurance policy and the complaint. "An insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations of the complaint." *Fire Ins. Exch. v. Estate of Therkelsen*, 2001 UT 48, ¶ 21, 27 P.3d 555 (internal quotation marks omitted); *see also Nova Cas. Co. v. Able Constr., Inc.*, 1999 UT 69, ¶ 8, 983 P.2d 575; *Sharon Steel v. Aetna Cas. & Sur.*, 931 P.2d 127, 133 (Utah 1997). In *Therkelsen*, we cited to an alternative formulation of this rule: "'The test is whether the complaint alleges a risk within the coverage of the policy.'" 2001 UT 48, ¶ 21 n.3, 27 P.3d 555 (quoting *Continental Cas. Co. v. Alexis I. DuPont Sch. Dist.*, 317 A.2d 101, 103 (Del. 1974)).

*Id.* at 1214.

The parties in this case dispute whether extrinsic evidence can or should be used in

determining Mid-Continent's duty to defend.  Plaintiffs argue that extrinsic evidence is legally irrelevant and would be inappropriate to consider because the decision must be based solely on the complaint and policy.  Mid-Continent argues that its policy requires the claim to be a covered by the policy and the court, therefore, needs to examine extrinsic evidence before determining its duty to defend.

In *Therkelsen*, the court addressed the same debate.  After providing the general rule that courts look to the complaint and the policy language, the court stated, "however, this does not end our inquiry."  2001 UT ¶ 21.  The court explained that the insurer's duty to defend is separate from the duty to indemnify and the duty to defend "'arises solely under contract."  *Id.* ¶ 22. "Whether extrinsic evidence is admissible to determine whether an insurer has a duty to defend an insured turns on the parties' contractual terms."  *Id.* ¶ 25.  The court provided two examples, one demonstrating policy language requiring the duty to defend determination to be based solely on the allegations of the underlying complaint and one demonstrating policy language that would require the court to consider extrinsic evidence in determining the insurer's duty to defend an underlying action.  *See id.* ¶¶ 23, 24.  The first example stated that the insurer would provide a defense even if the allegations were groundless, false, or fraudulent.  *Id.* ¶ 23.  Whereas the second example stated that the insurer would defend an insured against any covered claim or suit. *Id.* ¶ 24.  The court concluded that "[i]f the parties make the duty to defend dependent on the allegations against the insured, extrinsic evidence is irrelevant to a determination of whether a duty to defend exists.  However, if, for example, the parties make the duty to defend dependent on whether there is actually a 'covered claim or suit,' extrinsic evidence would be relevant to a determination of whether a duty to defend exists."  *Id.* ¶ 25.

The Policy in this case states that Mid-Continent "will have the right and duty to defend the insured against any 'suit' seeking [damages because of bodily injury or property damage]. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

Mid-Continent argues that based on the Complaint in the HOA Lawsuit, there is no information on when the alleged property damage occurred and thus which Policy applies. Mid-Continent also asserts that it does not have enough information to determine whether the individual Plaintiffs qualify as insureds under any applicable policy. Specifically, Mid-Continents asserts that it needs to discover facts related to: (1) the roles of the named individual Plaintiffs with Hamlet Homes Corporation and/or Bear Hollow Restoration, LLC in order to determine if these entities were additional insureds, as the Plaintiffs maintain, and (2) specific facts regarding the HOA lawsuit and whether based upon those facts regarding the timing and nature of the property damage claims there is any duty to defend or indemnify.

The court agrees that the Policy at issue in this case would allow the duty to defend to be determined on extrinsic evidence. The Complaint in the HOA lawsuit is vague and creates questions regarding coverage. Similarly, there are questions of fact as to coverage for the individuals. Plaintiffs' motion for summary judgment comes before the initiation of any discovery. The court, therefore, believes Mid-Continent's Rule 56(d) motion seeking leave to conduct four month of discovery into issues related to its duty to defend Plaintiffs in the HOA lawsuit is reasonable and appropriate. Accordingly, the court grants Mid-Continent's Rule 56(d) motion for Leave to Conduct Discovery and denies Plaintiffs' motion for summary judgment without prejudice, to be renewed at the close of the four-month discovery period.

Under Utah law, however, the court notes that Mid-Continent has a duty to defend while the issue is in doubt. "Where factual questions render coverage uncertain, as is the case here, the insurer must defend until those uncertainties can be resolved against coverage. 'When in doubt, defend.'" Benjamin, 140 P.3d at 1215 (quoting *Appleman on Insurance Law and Practice* § 136.2[C] (2d ed. 2006)).

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Partial Summary Judgment is DENIED WITHOUT PREJUDICE and Defendant's Rule 56(d) Motion for Leave to Conduct Discovery is GRANTED. The parties shall have four months from the date of this Order to conduct discovery relevant to the issue of Mid-Continent's duty to defend Plaintiffs in the HOA lawsuit in state court.

Dated this 9th day of January, 2013.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge