IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAMLET HOMES CORPORATION; BEAR HOLLOW RESTORATION, LLC; MICHAEL BRODSKY; JOHN ALDOUS; DAVID IRWIN; PHILLIP M. TURNER,<br><br>        **Plaintiffs,**<br><br>vs.<br><br>**MID-CONTINENT CASUALTY COMPANY,**<br><br>        **Defendant.** | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:12CV305DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Intervenor The Lodges at Bear Hollow Condominium Homeowners Association's ("the Association") Renewed Motion to Lift Stay.[1] Plaintiffs and Defendants oppose the motion to lift the stay. The Association did not file a reply in support of its motion. However, the court deems the motion fully briefed because the time for filing a reply

---

[1] The Association is a judgment creditor of Bear Hollow Restoration, LLC's ("BHR") and purports to have contractual rights of indemnification against Defendant Mid-Continent Casualty Company as a result of a judgment it obtained against BHR in the underlying state court action, *The Lodges at Bear Hollow Condominium Homeowners Ass'n, Inc. v. Bear Hollow Restoration, LLC*, Third Judicial District Court, Summit County, State of Utah, Civil No. 110500837. On October 21, 2015, a state court issued a writ of execution order granting the Association ownership against BHR's claims for indemnification under Mid-Continent policies 04-GL-000578359 (renewal of 04-GL-000533582) and 04-GL-000813880 (renewal of 04-GL-782501), the policies at issue in this case. Based on this interest, the court allowed the Association to intervene in this action.

has passed.

This case is a declaratory judgment action to determine whether, and to what extent, Defendant Mid-Continent Casualty Company must indemnify its insured BHR and Hamlet Homes in relation to two underlying state court cases. The court has stayed the cases pending resolution of the underlying state court cases. The first case has concluded. However, the parties are still conducting discovery in the second case.

The Association asks this court to lift the stay to allow it to conduct discovery and engage in motion practice related to the question of whether Mid-Continent must indemnify BHR for the costs taxed portion of the judgment the Association obtained against BHR and whether those costs include the Association's attorney fees. The Association states that it would also like ot address the issue of whether the indemnity agreement between BHR and Hamlet is an insured contract under the terms of the policies at issue in this case.

Under Utah law, the resolution of a declaratory judgment action concerning insurance coverage must await completion of the underlying action. In *Boyle v. National Union Fire Ins. Co.*, 866 P.2d 595 (Utah Ct. App. 1993), the court affirmed the district court's order that a declaratory judgment action concerning insurance coverage was not ripe for adjudication before the facts were determined in the underlying lawsuit. The court noted that the plaintiffs' "request for declaratory relief would have placed the trial court in the position of trying to guess what facts might be determined in a trial on the tort claim, and then to apply those hypothetical facts tot he insurance policies." *Id.* at 598. The court determined that "because of the hypothetical nature of plaintiffs' declaratory judgment action, the trial court was correct in ruling, as a matter of law, that the action was not ripe for adjudication." *Id.*

Similarly, in this case, it would be premature to proceed with this declaratory judgment action while the second underlying case remains pending in state court. The Association wished to proceed on certain issues but such piecemeal litigation is not efficient and could be duplicative. Coverage issues relating to both cases should be discovered and considered together. Accordingly, the court concludes that the case should remain stayed until the second underlying action is fully resolved. Therefore, the Association's motion to lift the stay is DENIED.

Dated this 13th day of September, 2017.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge